| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202 | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Sep 29 2010 1:46PM MDT<br>Filing ID: 33523158<br>Review Clerk: Cameron M Munier |
|---|---|
| ROBERT RECORD<br><br>Plaintiff,<br><br>v.<br><br>HEALTHONE OF DENVER, INC., et at<br><br>Defendant. | Case No. 10CV1410<br><br>COURTROOM 3 |

    1. The Court, upon review of the court file, finds that the interests of a just, speedy, and economic resolution of this dispute would be served by referral of this action to mediation or to some other form of alternative dispute resolution (ADR).

    2. Accordingly, pursuant to §§13-22-311 and 13-22-313, the Court HEREBY ORDERS that all claims in this action be referred either to mediation or some other form of ADR in accordance with the following procedures:

    a. Plaintiff(s) will contact Defendant(s) within 15 days of the date of this Order to discuss what form of ADR would be most appropriate for this case.

    b. If the parties agree that mediation would be appropriate, the parties are ordered to schedule a mediation session with either a private mediator or with the Colorado State Judicial Department, Office of Dispute Resolution, telephone 837-3672, so that it can be completed within 45 days prior to trial.

    c. If the parties agree to some other form of ADR (including: arbitration, early neutral evaluation, med-arb, mini trial, summary jury trial, a court settlement conference or other form of ADR approved by the Court), the parties
Exhibit ZZ

are likewise ordered to schedule the ADR event so that it can be completed within 45 days prior to trial.

      d. If the parties are unable to agree on the form of ADR, the Court Orders that they participate in mediation with the Office of Dispute Resolution as described in subparagraph b. above.

      e. Court settlement conferences may be scheduled through Courtroom 6 of the Denver District Court between the hours of 10:00 a.m. and 12:00 noon, Monday through Friday, (720-865-8307). Verbal confirmation of the date chosen must be given to the clerk in Courtroom 6 within 48 hours. Written confirmation must then follow and is to be sent to Courtroom 6, the Clerk's Office and this courtroom.

      3. Except as expressly provided in this Order, the mediation/ADR process shall be governed by applicable Colorado statutes, rules and case law. The expense of mediation/ADR shall be divided equally between the parties unless otherwise agreed.

      4. This Order is not intended to in any way diminish or otherwise affect the rights and obligations of the parties under any other statutes or rules, including but not limited to, those relating to discovery and other pretrial procedures.

      5. Within five days after the completion of the mediation/ADR Plaintiff is ordered to complete, file with the Court and serve upon all other parties a certificate indicating that the ADR event was held, when it was held, and with whom.

      6. All parties are ordered to proceed in a good faith and reasonable manner in complying with this Order. Failure to do so may result in sanctions including contempt. *Halaby, McCrea & Cross v. Hoffman*, 831 P.2d 902 (Colo. 1992).

      7. This Order is not subject to modification by the consent of the parties. If any party seeks relief from this Order, it must seek such relief by written motion. In no event shall any such written motion be filed later than 60 days before trial.

DONE THIS 29TH day of September , 2010

      BY THE COURT:

_____
Morris B. Hoffman
District Court Judge

cc: ATP

| ☐ Small Claims ☐ County Court ☒ District Court<br>☐ Probate Court ☐ Juvenile Court ☐ Water Court | |
|---|---|
| City and County of Denver, Colorado<br>1437 Bannock Street, Denver, CO 80202 | |
| Robert Record<br>Plaintiff(s),<br><br>v.<br><br>Healthone Of Denver, Inc., et al<br>Defendant(s).     ▲ COURT USE ONLY ▲ | Case Number:<br>10cv1410<br><br>Ctrm: 3 |

**ADR CERTIFICATE OF COMPLIANCE**

The undersigned counsel for the plaintiff(s) hereby certify pursuant to Rule 11, C.R.C.P. that the parties have complied with the Court's Order for ADR by completing the following:

ADR event was conducted on _____ (date) before
_____
_____
_____
_____ (mediator/judge/ADR provider.)

Further settlement offers would/would not be useful. Please explain (without disclosing any offers):
_____
_____
_____
_____
_____
_____

I am unable to certify compliance with the Court Order because:
_____
_____
_____
_____
_____
_____

_____
Attorney for Plaintiff(s)

**REQUEST FOR EXEMPTION**

The undersigned counsel and parties pursuant to C.R.S. § 13-22-311, 313, certify that we have engaged in good faith settlement efforts, have reasonably exhausted the possibility of settlement, and that any further ADR event would serve no useful purpose. **(Must be signed by all parties and their attorneys.)**

_____   _____   _____

_____  _____  _____

The Certificate of Compliance/Request for Exemption must be filed with the Court no later than ten (10) days after the ADR session of the grounds for exemption are known.