IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03106-REB-MJW

ROBERT RECORD,

Plaintiff,

v.

HEALTHONE OF DENVER, INC.,
DENVER MID-TOWN SURGERY CENTER, LTD,
COLORADO ANESTHESIA CONSULTANTS, P.C., and
JOHN VALENTINE,

Defendants.

---

ORDER REGARDING
(1) COLORADO MEDICAL BOARD'S MOTION TO MODIFY SUBPOENA *DUCES TECUM* OR FOR PROTECTIVE ORDER
(DOCKET NO. 52)

AND

(2) DR. JOHN D. VALENTINE'S MOTION FOR PROTECTIVE ORDER
(DOCKET NO. 75)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on (1) Colorado Medical Board's Motion to Modify Subpoena *Duces Tecum* or for Protective Order (docket no. 52); (2) Dr. John D. Valentine's Joinder in Colorado Medical Board's Motion to Modify Subpoena *Duces Tecum* or for Protective Order (docket no. 55); (3) Defendants Healthone and Midtown's Joinder in Colorado Medical Board's Motion to Modify Subpoena *Duces Tecum* or for Protective Order (docket no. 57); and (4) Dr. John D. Valentine's Motion for Protective Order (docket no. 75). The court has reviewed the subject motions (docket nos. 52 and

75), the responses (docket nos. 64 and 85), and the reply (docket no. 69). The court has also reviewed, *in camera*, the Colorado Medical Board's investigative file concerning Defendant John Valentine, M.D., that was submitted to this court pursuant to a Minute Order (docket no. 74) issued by Magistrate Judge Watanabe dated April 7, 2011. This investigative file has been filed with the court under seal along with a thirty-two- (32) page Privilege Log. The investigative file has been Bates stamped with pages numbered VAL 0001 to VAL 1174, inclusive. In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

In the subject motion (docket no. 52), the Colorado Medical Board ("Board") seeks an Order from this court pursuant to Fed. R. Civ. P. 45(c)(3) to modify the subpoena *duces tecum* served upon it on January 26, 2011, or in the alternative for a Protective Order pursuant to Fed. R. Civ. P. 26(c) and for an *in camera* inspection with any resultant disclosure to be made under seal. The Board contends that the documents that Plaintiff seeks from the Board are considered peer review committee materials, protected under state and federal law. Accordingly, the Board moves this court to modify the subpoena *duces tecum* to limit it to those documents produced (as redacted) and for a protective order over the remainder of the Board's files, including documents that are to be maintained as confidential by state statute, attorney-client protected documents, and documents which are protected by the work product privilege. The Board relies upon the legal authority cited by the Board as to each

document that is outlined in the Board's thirty-two- (32) page Privilege Log that was submitted along with the actual documents that make up the Privilege Log for *in camera* review by this court.

Plaintiff seeks the information requested in the subpoena *duces tecum* to refute Defendant John D. Valentine's contention that he was not drunk and did not sexually harass Plaintiff and to support Plaintiff's punitive damage claim. Moreover, Plaintiff argues that this court should disregard state law privileges in this case and in support of such contention relies upon Atteberry v. Longmont United Hosp., 221 F.R.D. 644 (D. Colo. 2004); Ryskin v. Banner Health, Inc., 2010 WL 2742710 (D. Colo. July 9, 2010); and Zander v. Craig Hospital, 267 F.R.D. 563 (D. Colo. 2010).

In the subject motion (docket no. 75), Defendant John D. Valentine, M.D., seeks a Protective Order from this court pursuant to Fed. R. Civ. P. 26(c) to prevent disclosure of documents that Defendant Valentine argues are subject to statutory and common law protections that include:

    a.    Records pertaining to professional peer review committees protected by §§ 12-36.5-104(10) and 12-36.5-104(4)(b), C.R.S.;

    b.    Records pertaining to proceedings before the Colorado Board of Medical Examiners protected by § 12-36-118(10)(a)(b), C.R.S.; and

    c.      Confidential personal information, including financial and personal health information, not subject to discovery.

Plaintiff argues that Defendant John Valentine's Motion for Protective Order (docket no. 75) is without merit and that the contested information that Plaintiff seeks is relevant and material to the issues pending before this Court and is not protected.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That this lawsuit was initially filed by Plaintiff in the Denver District Court, state of Colorado, under case no. 2010CV1410 and was later removed to the United States District Court for the District of Colorado by Defendants HealthOne of Denver, Inc., and Denver Mid-Town Surgery, Ltd., on or about December 22, 2010, by the filing of their Notice of Removal. The Board's argument that

Plaintiff should not benefit and avoid the state statutory law privileges contained in §§ 12-36-118(10)(a)(b), §12-36.5-102(4), § 12-36.5-104(10), and 12-36.5-104(4)(b), C.R.S., because of an involuntary removal by Defendants HealthOne of Denver, Inc., and Denver Mid-Town Surgery, Ltd., is misplaced. Plaintiff was not the movant on the removal of this case to the federal district court, and, in fact, the record shows that Plaintiff wanted to prosecute his case in the Denver District Court in the state of Colorado. It was the Defendants HealthOne of Denver, Inc., and Denver Mid-Town Surgery, Ltd., who made a strategic decision to remove this case to the federal district court;

5. That the Second Amended Complaint and Jury Demand is the operative pleading. The Second Amended Complaint and Jury Demand alleges for the first time a **federal claim** against Defendants HealthOne of Denver, Inc., and Denver Mid-Town Surgery Center, Ltd., for employment discrimination and retaliation pursuant to Title VII, 42 U.S.C. 2000e, *et seq*. Thus, **federal question** forms the basis for subject matter jurisdiction in this court. The Second Amended Complaint and Jury Demand also alleges the following **state law claims**:

a. A claim for battery against Defendant John D. Valentine, M.D.;

b. A claim for negligent supervision and retention against Defendants HealthOne of Denver, Inc., Mid-Town Surgery Center, Ltd., and Colorado Anesthesia Consultants; and

c. A claim for retaliation for reporting patient safety concerns against Defendants HealthOne of Denver, Inc., and Denver Mid-Town Surgery, Ltd.;

6. That the Second Amended Complaint and Jury Demand alleges, *in essence*, that on October 13, 2009, Defendant John D. Valentine, M.D., came to work drunk, kissed Plaintiff Robert Record ("Plaintiff"), and twice grabbed Plaintiff's genitals. Plaintiff describes this case as a sexual harassment case. See page 4, first paragraph, line one (docket no. 65), and also see Exhibit 1, October 28, 2010, Declaration of Leslie Krzycki attached to Plaintiff's response (docket no. 65);

7. That on January 26, 2011, Plaintiff served the Board with the subject subpoena *duces tecum*. See Exhibit 1 attached to the

subject motion (docket no. 52) -copy of subpoena *duces tecum*;

8. That the subpoena *duces tecum* requests production from the Board of: "All documents related to John D. Valentine, M.D. (License Number DR-21608) and all documents related to the State Board of Medical Examiners Case No. 2010-001548." In sum, the subject subpoena *duces tecum* seeks full access to the Board's investigatory files regarding John D. Valentine, M.D.;

9. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id. See Fed. R. Civ. P. 26(b) and (c);
A given topic is relevant if it has "the mere tendency" of making any material fact more or less probable. Fed. Deposit Ins. Corp. v. Wise, 139 F.R.D. 168, 170 (D. Colo. 1991). See Fed. R. Evid. 401;

10. That the parties have cited both federal and state law with respect to the applicable privilege law that should apply in this case. Therefore, I must first determine whether federal or state privilege

law applies in this case.

The State of Colorado statutory privileges as outlined in §§12-36.5-104(10), 12-36.5-104(4)(b), 12-36.5-102(4), and 12-36-118(10)(a)(b), C.R.S., are designed to allow confidential conversations and free and open discussion between the Board and physician and to prevent public disclosure of such information gathered and reports generated from such disclosure.

Typically, in federal courts, federal common law governs the existence of privilege, unless state law supplies the rule of decision as to an element of the claim or defense. Fed. R. Civ. 501. See Cutting v. United States, No. 07-02053-REB-MEH, 2008 WL 1775278, at *2 (D. Colo. April 14, 2008). The Advisory Committee Notes to Rule 501 provide that in nondiversity cases such as this, the federal law of privilege applies. See Fed. R. Evid. 501 Committee Note ("It is also intended that the federal law of privilege should be applied with respect to pendent [supplemental] state claims when they arise in a federal question case."). See also Hancock v. Hobbs, 967 F.2d 462, 467 (11th Cir. 1992) ("We therefore hold that the federal law of privilege [applies in a federal question case], even if the [discovery] is relevant to a pendent [supplemental] state law count which may be controlled by a

contrary state law of privilege."); Wm. T. Thompson Co. v. General Nutrition Corp., 671 F.2d 100, 104 (3rd Cir. 1982) (noting that when privilege issue overlaps with federal and pendent [supplemental] claims, federal rule in favor of admissibility controls); Bethel v. United States ex rel. Veterans Admin. Med. Center, No. 05-1336-PSF-KLM, 2008 WL 45382, at *6 (D. Colo. Jan. 2, 2008) ("In cases like this one, brought under the Federal Tort Claims Act, federal common law governs the application of privilege.") (citing Beller v. United States, 221 F.R.D. 679, 681 (D.N.M 2003)). Lastly, in United States v. Prouse, 945 F.2d 1017, 1024 (8th Cir. 1991), the Eighth Circuit held that in a federal question case involving a § 1983 claim, existence of pendant [supplemental] state law claims held not to relieve court of obligation to apply federal law of privilege;

11. That in this case, with the above legal principles in mind, I find that the state statutory privileges under §§ 12-36-118(10)(a)(b), 12-36.5-104(4)(b), 12-36.5-104(10), 12-36.5-102(4), C.R.S., do not apply. I further find that the federal common law on privilege applies in this case and not state law privilege. Federal law has not recognized the specific state privileges under §§ 12-36-118(10)(a)(b), 12-36.5-104(4)(b), 12-36.5-104(10), and 12-36.5-102(4), C.R.S. In addition, I find that 5 U.S.C. § 552(b)(3) and 45

C.F.R. §§ 60.1, *et seq.*, are not applicable here. Accordingly, no privilege applies here unless another recognized federal law privilege is involved, such as the attorney-client privilege or work-product privilege. See Sprague v. Thorm Americas, Inc., 129 F.3d 1355, 1369 (10th Cir. 1997). Under federal common law, the attorney-client privilege arises (1) where legal advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently. protected, (7) from disclosure by himself or by the legal advisor, (8) unless the protection is waived. See Williams v. Sprint United Management, Co., No. 03-2200-JWLDJW, 2006 WL 266599, at *2 (D. Kan. Feb. 1, 2006)(unpublished). This privilege protects from discovery communications made in confidence between the client and attorney, but it does not protect the underlying facts contained within those communications. Upjohn Co. v. United States, 449 U.S. 383, 395-96 (1981). To be covered by the attorney-client privilege, a communication between a lawyer and client must relate to legal advice or strategy sought by the client. See id. To the extent that any documents as outlined in the Privilege Log implicate the attorney-client privilege or the work product privilege under Fed. R. Civ. P. 26(b)(3), then such documents are privileged from disclosure. Lastly, I find that the Board has stated in the Privilege

Log, with particularity, a specific federal attorney-client privilege argument and a work product privilege argument as to documents Bates stamped:

VAL 0286-0287; VAL 0340; VAL 0350; VAL 0351; VAL 0353; VAL 0354-0355; VAL 0356-0357; VAL 0358-0359; VAL 0368; VAL 396-397; VAL 0408; VAL 0409-0411; VAL 0412; VAL 0433; VAL 0434; VAL 0435-0437; VAL 0438-0440; VAL 0448;

12. That all documents contained in the Privilege Log are relevant, not privileged, **except for**:

    VAL 0286-0287; VAL 0340; VAL 0350; VAL 0351; VAL 0353; VAL 0354-0355; VAL 0356-0357; VAL 0358-0359; VAL 0368; VAL 396-397; VAL 0408; VAL 0409-0411; VAL 0412; VAL 0433; VAL 0434; VAL 0435-0437; VAL 0438-0440; VAL 0448;

    which are privileged under the attorney-client and work product privileges;

13. That Fed. R. Civ. P. 45(c)(3)(A)(iii) requires this court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies;"

14. That the Board has admitted in paragraph 11 of its reply (docket no. 69) that Defendant Valentine was disciplined by the Board, but not for sexual harassment. See Exhibit 1 attached to reply (docket no. 69);

15. That the Board has produced to Plaintiff the following documents in response to the Plaintiff's subpoena *duces tecum*: The documents are:
    a. Interim Cessation of Practice Agreement;
    b. Stipulation and Final Agency Order;
    c. Original license application (with disciplinary questions);
    d. 1991 renewal license application (with disciplinary questions redacted);
    e. 1993 renewal license application (with disciplinary questions redacted);
    f. 1997 renewal license application;
    g. 1999 renewal license application;
    h. 2001 renewal license application;
    I. 2009 renewal license application.
    See exhibit two attached to docket no. 52.

16. That the following documents outlined in the Privilege Log are peer review committee materials included under §§ 12-36-118(10)(a)(b) and 12-36.5-104(10), C.R.S.  They are documents Bates stamped:

VAL 0001-0003; VAL 0004-0006; VAL 0007-0009; VAL 0010; VAL 0011; VAL 0012-0013.1; VAL 0014-0016; VAL 0017-0018; VAL 0019-0020; VAL 0021-0132; VAL 0133-0140; VAL 0141-0144; VAL 0145-0146; VAL 0147-0149; VAL 0150-0152; VAL 0153-0282; VAL 0283-0285; VAL 0288; VAL 0289; VAL 0290; VAL 0291-0296; VAL 0297-0305; VAL 0306; VAL 0307; VAL 0308-0309; VAL 0310; VAL 0311-0315; VAL 0316; VAL 0317-0319; VAL 0320; VAL 0321-0328; VAL 0329; VAL 0330; VAL 0331; VAL 0332; VAL 0333-0335; VAL 0341-0342; VAL 0343-0345; VAL 0346-0347; VAL 0348-349; **(*)**; VAL 0360; VAL 0361; VAL 0362-0363; VAL 0364; VAL 0365; **VAL 0369-0395 [Unredacted except for date of birth and social security number]**;  VAL 0398-0399; VAL 0400; VAL 0401; VAL 0402; VAL 0403; VAL 0404; VAL 0405; VAL 0406; VAL 0407; VAL 408; VAL 0413; VAL 0414-0416; VAL 0417-0419; VAL 0420; VAL 0421; VAL 0422-0423; VAL 0424; VAL 0425; VAL 0426; VAL 0427; VAL 0428; VAL 0429; VAL 0430; VAL 0431-0432; VAL 0441; VAL 0442; VAL 0443-0444; VAL 0445-0447; VAL 0449; VAL 0450; VAL 0451-0453; VAL 0454-0456; VAL 0457; VAL 0458; VAL 0459-0460; VAL 0461; VAL 0462; VAL 0463; VAL 0464-0466; VAL 0467-0518;

VAL 0519; **VAL 0520 [Unredacted]**; VAL 0521-0527; VAL 0528; VAL 0529; VAL 0530; VAL 0531-0532; VAL 0533-0534; VAL 0535-1164;

**(*) The court notes there was no document for Bates stamp number "VAL 0352" submitted to the court for *in camera* review.**

17. That the following documents outlined in the Privilege Log are privileged under Attorney-Client Privilege or Work Product Privilege. They are documents Bates stamped:

    VAL 0286-0287; VAL 0340; VAL 0350; VAL 0351; VAL 0353; VAL 0354-0355; VAL 0356-0357; VAL 0358-0359; VAL 0368; VAL 396-397; VAL 0408; VAL 0409-0411; VAL 0412; VAL 0433; VAL 0434; VAL 0435-0437; VAL 0438-0440; VAL 0448;

18. That the following documents contained in the Privilege Log have been disclosed to Plaintiff. They are documents Bates stamped:

    VAL 0336-0339 [11/6/09 Agreement between Dr. John D. Valentine and CBME]; VAL 0366 [1/26/11 Letter to DORA/Colorado Medical Board from Paul Maxon re: CORA Request]; VAL 0367 [1/26/11

Subpoena to DORA/Colorado Medical Board from Paul Maxon]; VAL 0369-0395 [1/28/11 Letter from Marschall Smith Paul Maxon with attachments- Response to CORA request. Redactions include date of birth on p. 370, disciplinary actions (C.R.S. § 12-36-118(10) on VAL 0371, SSN on VAL 0372, disciplinary actions (C.R.S. § 12-36-118(10)) on VAL 0373, SSN on VAL 0375, and disciplinary actions (C.R.S. § 12-36-118(10)) on VAL 0376]; VAL 0520 [undated Page 2 of Interim Cessation of Practice Agreement with notes regarding hospital privileges was disclosed without handwritten notes regarding facilities - protected by §§ 12-36-118(10), C.R.S; 12-36.5-104(10); 13-90-107(d)(III)(C), C.R.S.; 5 U.S.C. § 552(b)(3); and, 45 C.F.R §§ 60.1 *et seq.* ]; VAL 1165-1174 [11/19/10 Stipulation and Final Agency Order Between Colorado Medical Board and Dr. John D. Valentine];

19. That Defendant Colorado Anesthesia Consultants, P.C., does not oppose the relief sought in Co-Defendant John D. Valentine's Motion for Protective Order (docket no. 75); and

20. That a stipulated protective order was entered in this case on March 4, 2011 (docket no. 63), and it will protect the concerns of all parties and non-parties of the requested information in the subject motion (docket no. 52). The stipulated protective order will prevent

disclosure of any discovery obtained through this Order for the limited purpose of this litigation only and for no other purpose. The stipulated protective order (docket no. 63) that is already in place in this case will serve the purpose of the state statutory privileges while allowing the search for the truth which is the underpinning of our system of justice. The stipulated protective order will protect the privacy interests of any non-party personnel who may have been discussed during the investigation and executive sessions of the Board. It makes no sense to allow state statutory privilege law to determine what evidence is discoverable in cases brought pursuant to federal statute (i.e., Title VI claim). If state privilege law controlled, then state authorities could effectively insulate themselves from constitutional norms simply by developing privilege doctrines that make it virtually impossible for plaintiffs to develop the kind of information they need to prosecute their federal claims.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Colorado Medical Board's Motion to Modify Subpoena *Duces Tecum* or for Protective Order (docket no. 52) is **GRANTED IN PART AND DENIED IN PART**. This motion is **GRANTED** insofar as documents Bates stamped:

17

VAL 0286-0287; VAL 0340; VAL 0350; VAL 0351; VAL 0353;

VAL 0354-0355; VAL 0356-0357; VAL 0358-0359; VAL 0368;

VAL 396-397; VAL 0408; VAL 0409-0411; VAL 0412; VAL 0433;

VAL 0434; VAL 0435-0437; VAL 0438-0440; VAL 0448;

The remainder of the subject motion is **DENIED**. The subject subpoena *duces tecum* is **QUASHED** consistent with Fed. R. Civ. P. 45(c)(3)(A)(iii) as to documents Bates stamped:

VAL 0286-0287; VAL 0340; VAL 0350; VAL 0351; VAL 0353;

VAL 0354-0355; VAL 0356-0357; VAL 0358-0359; VAL 0368;

VAL 396-397; VAL 0408; VAL 0409-0411; VAL 0412; VAL 0433;

VAL 0434; VAL 0435-0437; VAL 0438-0440; VAL 0448;

The Board shall provide to the plaintiff on or before June 16, 2011, copies of the following documents Bates stamped:

VAL 0001-0003; VAL 0004-0006; VAL 0007-0009; VAL 0010; VAL 0011; VAL 0012-0013.1; VAL 0014-0016; VAL 0017-0018; VAL 0019-0020; VAL 0021-0132; VAL 0133-0140; VAL 0141-0144; VAL 0145-0146; VAL 0147-0149; VAL 0150-0152; VAL 0153-0282; VAL 0283-0285; VAL 0288; VAL 0289; VAL 0290; VAL 0291-0296; VAL 0297-0305; VAL 0306; VAL 0307; VAL 0308-0309; VAL 0310; VAL

0311-0315; VAL 0316; VAL 0317-0319; VAL 0320; VAL 0321-0328; VAL 0329; VAL 0330; VAL 0331; VAL 0332; VAL 0333-0335; VAL 0341-0342; VAL 0343-0345; VAL 0346-0347; VAL 0348-349; **(\*)**; VAL 0360; VAL 0361; VAL 0362-0363; VAL 0364; VAL 0365; **VAL 0369-0395 [Unredacted except for date of birth and social security number]**; VAL 0398-0399; VAL 0400; VAL 0401; VAL 0402; VAL 0403; VAL 0404; VAL 0405; VAL 0406; VAL 0407; VAL 408; VAL 0413; VAL 0414-0416; VAL 0417-0419; VAL 0420; VAL 0421; VAL 0422-0423; VAL 0424; VAL 0425; VAL 0426; VAL 0427; VAL 0428; VAL 0429; VAL 0430; VAL 0431-0432; VAL 0441; VAL 0442; VAL 0443-0444; VAL 0445-0447; VAL 0449; VAL 0450; VAL 0451-0453; VAL 0454-0456; VAL 0457; VAL 0458; VAL 0459-0460; VAL 0461; VAL 0462; VAL 0463; VAL 0464-0466; VAL 0467-0518; VAL 0519; **VAL 0520 [Unredacted]**; VAL 0521-0527; VAL 0528; VAL 0529; VAL 0530; VAL 0531-0532; VAL 0533-0534; VAL 0535-1164;

**(\*) The court notes there was no document for Bates stamp number "VAL 0352" submitted to the court for *in camera* review.**

All documents received shall be used consistent with the Stipulated Protective Order (docket no. 63) entered on March 4, 2011;

2. That Dr. John D. Valentine's Motion for Protective Order (docket

no. 75) is **DENIED**;

3. That the Privilege Log and all documents included in the Privilege Log shall be **SEALED AND NOT OPENED EXCEPT BY FURTHER ORDER OF COURT**, and

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 26th day of May, 2011.

         BY THE COURT

         s/Michael J. Watanabe
         MICHAEL J. WATANABE
         U.S. MAGISTRATE JUDGE