**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-03106-REB-MJW

ROBERT RECORD,

    Plaintiff,

v.

HEALTHONE OF DENVER, INC., a Tennessee corporation,
DENVER MID-TOWN SURGERY CENTER, LTD., a Colorado corporation,
COLORADO ANESTHESIA CONSULTANTS, P.C., a Colorado corporation, and
JOHN VALENTINE, M.D.

    Defendants.

## ORDER DENYING MOTION TO STRIKE

**Blackburn, J.**

This matter is before me on **Defendant John Valentine, M.D.'s Motion To Strike Plaintiff's Claim for Punitive Damages** [#44][1] filed February 14, 2011. The plaintiff filed a response [#64], and defendant Valentine filed a reply [#70]. I deny the motion.

In the operative complaint [#40], the only claim asserted against defendant Valentine is a claim for battery, which is asserted under state law. In his motion to strike, Valentine argues that the plaintiff's claim for punitive damages, as asserted in the complaint [#40], must be stricken because this claim was not pled in compliance with the requirements of Colorado law. Specifically, Valentine cites the requirements of §13-21-102(1.5)(a), C.R.S., which provides:

---

[1] "[#44]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a triable issue. After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion, allow additional discovery on the issue of exemplary damages as the court deems appropriate.

As outlined in Valentine's motion, the plaintiff did not assert a claim for exemplary or punitive damages in his initial compliant, but he does seek such damages in his present complaint. In his current complaint [#40], the plaintiff seeks exemplary damages on his battery claim against Valentine. Valentine argues that the plaintiff's claim for punitive damages on his battery claim must be stricken because the plaintiff asserted this claim for punitive damages without having offered any *prima facie* proof of a triable issue, in violation of §13-21-102(1.5)(a), C.R.S.

This court exercises diversity jurisdiction over the plaintiff's state law claims. As a result, Colorado law controls the resolution of the substantive issues related to the plaintiff's state law claims. **Erie Railroad Co. v. Tompkins**, 304 U.S. 64, 78 (1938); **Royal Maccabees Life Insurance Co. v. Choren**, 393 F.3d 1175, 1180 (10th Cir. 2005). Federal law controls procedural issues. **See, e.g., Sims v. Great American Life Ins. Co.**, 469 F.3d 870, 877 (10th Cir. 2006). For the purpose of resolving the present motion, I assume, without deciding, that the requirements of §13-21-102(1.5)(a), C.R.S., are applicable to the plaintiff's battery claim.

Assuming the requirements of §13-21-102(1.5)(a), C.R.S., are applicable, I conclude that the plaintiff has complied substantially with those requirements and that, thus, the motion to strike must be denied. The factual allegations in the plaintiff's operative complaint [#40] are sufficient to support a claim for exemplary damages on

the planitiff's battery claim. With his response to the motion to strike, the plaintiff included the affidavit of a witness to the relevant incident [#64-1]. This affidavit establishes *prima facie* proof of a triable issue concerning punitive damages on the plaintiff's battery claim against Valentine. Although the timing of the plaintiff's compliance with §13-21-102(1.5)(a), C.R.S.,may be a bit less than perfect, ultimately the plaintiff has satisfied those requirements. Assuming without deciding that §13-21-102(1.5)(a), C.R.S. is applicable, the plaintiff has complied with the statute, and, thus, there is no basis to strike from the operative complaint [#40] the plaintiff's claim for exemplary damages on his battery claim against Valentine.

**THEREFORE, IT IS ORDERED** that **Defendant John Valentine, M.D.'s Motion To Strike Plaintiff's Claim for Punitive Damages** [#44] filed February 14, 2011, is **DENIED**.

Dated August 16, 2011, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge